# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

LISA R. NELSON and ANTHONY L. WEST JR.,

    *Plaintiffs,*

vs.

LIBERTY MUTUAL GROUP INC. and KYLE BRINTON ELECTRIC a/k/a KYLE BRINTON,

    *Defendants.*

Case No. 20-02087-EFM

## MEMORANDUM AND ORDER

Pro se Plaintiffs Lisa Nelson and Anthony West Jr. bring a claim of negligence against Defendants Liberty Mutual Group Inc. ("Liberty Mutual") and Kyle Brinton Electric ("Brinton"). Defendant Liberty Mutual has filed a Motion to Dismiss (Doc. 18). It contends that because Kansas state law prohibits bringing a tort claim directly against a tortfeasor's insurer, Plaintiffs' claim against Liberty Mutual should be dismissed. For the reasons explained in more detail below, the Court grants the motion.

## I. Factual and Procedural Background[1]

Plaintiffs hired Brinton on September 9, 2019, to complete electrical work for a house that Plaintiffs were remodeling for resale. Plaintiffs allege that Brinton did subpar work that ultimately resulted in the electrical wiring needing to be redone by a more competent electrician at great expense to the Plaintiffs. Meanwhile, Brinton had cashed Plaintiffs' checks, meaning Brinton had been paid for incomplete and poorly done work.

In response, Plaintiffs contacted Brinton's insurer, Liberty Mutual[2], to attempt to make a claim for the damages allegedly caused by Brinton. Liberty Mutual requested information, including photos of the damage sustained and other details about the claim. Plaintiffs expressed their willingness to allow any representative from Liberty Mutual to come and investigate the damage on behalf of the company. On October 10, 2019, two employees of Liberty Mutual confirmed that they had received the photos Plaintiffs had taken of the damage. Plaintiffs were told that the next step was to have a representative come to the property to assess the damage. However, several days passed without anyone from Liberty Mutual coming to inspect the property.

On October 14, 2019, Nelson received a phone call from team manager Carol Gordon at Liberty Mutual stating that the claim had been denied because it was not covered under the insured's policy. Plaintiffs requested a letter confirming this. On October 21, 2019, Plaintiffs were surprised when an electrician from K.L. Electric came to assess the work done on the property, ostensibly sent by Liberty Mutual despite its prior denial of their claim. However, the

---

[1] The facts are taken from Plaintiffs' Amended Complaint and are accepted as true for the purposes of this ruling.

[2] The Court notes that Liberty Mutual claims it is not Brinton's insurer, but its affiliate Ohio Security Insurance Company is. Thus, Ohio Security would be the properly named party. However, this distinction will not ultimately affect the Court's ruling.

electrician arrived too late to properly assess the property, as the lights were not working, so he said he would return another day when it was lighter. Plaintiffs tried and failed to find a time when the electrician could return to assess the property; after some effort to coordinate a time, he ceased communication with them.

In November, Plaintiffs filed a complaint with the Kansas Insurance Department to dispute Liberty Mutual's handling of the claim. In December, Plaintiffs received a response from the Department saying that Liberty Mutual was not at fault and the Department could provide no further assistance. The Department included a letter it received from Gordon at Liberty Mutual explaining that Plaintiffs had not cooperated with the appraiser they sent and that Brinton was disputing its liability for the damages to the property.

Over the next several months, Plaintiffs engaged with a senior claims resolution specialist from Liberty Mutual multiple times, cooperating with his requests for further information about the damages and the parties involved. The Kansas Insurance Department reopened its investigation. Eventually, Plaintiffs could no longer get in contact with Liberty Mutual as the company had ceased correspondence. Additionally, allegedly due to the stress that the whole insurance debacle had caused, Nelson developed chronic back pain and inflammation which needed medical care.

For these reasons, Plaintiffs filed claims against Brinton, Liberty Mutual, and the Kansas Insurance Department. The claim against the Department has since been withdrawn. Plaintiffs only sue Brinton for the damages to the property, but as for Liberty Mutual, they also make a claim for the medical expenses incurred by Nelson from the back pain she has allegedly developed as a result of this sequence of events.

## II.     Legal Standard

Under Rule 12(b)(6), a defendant may move for dismissal of any claim for which the plaintiff has failed to state a claim upon which relief can be granted.[3] Upon such motion, the court must decide "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.' "[4] A claim is facially plausible if the plaintiff pleads facts sufficient for the court to reasonably infer that the defendant is liable for the alleged misconduct.[5] The plausibility standard reflects the requirement in Rule 8 that pleadings provide defendants with fair notice of the nature of claims as well the grounds on which each claim rests.[6] Under Rule 12(b)(6), the court must accept as true all factual allegations in the complaint, but need not afford such a presumption to legal conclusions.[7] Viewing the complaint in this manner, the court must decide whether the plaintiff's allegations give rise to more than speculative possibilities.[8] If the allegations in the complaint are "so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.' "[9]

---

[3] Fed. R. Civ. P. 12(b)(6).

[4] *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[5] *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

[6] *See Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) (citations omitted); *see also* Fed. R. Civ. P. 8(a)(2).

[7] *Iqbal*, 556 U.S. at 678–79.

[8] *See id.* ("The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." (citation omitted)).

[9] *Robbins*, 519 F.3d at 1247 (quoting *Twombly*, 550 U.S. at 570).

Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers."[10]  A pro se litigant is entitled to a liberal construction of his pleadings.[11]  If a court can reasonably read a pro se complaint in such a way that it could state a claim on which it could prevail, it should do so despite "failure to cite proper legal authority . . . confusion of various legal theories . . . or [Plaintiff's] unfamiliarity with pleading requirements."[12]  But it is not the proper role of a district court to "assume the role of advocate for the pro se litigant."[13]  As it relates to motions to dismiss generally, "the court accepts the well-pleaded allegations of the complaint as true and construes them in the light most favorable to the plaintiff."[14]  "Well-pleaded" allegations are those that are facially plausible such that "the court [can] draw the reasonable inference that the defendant is liable for the misconduct alleged."[15]

### III.   Analysis

Liberty Mutual claims that under Kansas state law, a plaintiff in a tort claim may not sue a tortfeasor's insurance company directly for damages incurred by the tort.  The plaintiff must instead sue the tortfeasor directly, and the tortfeasor in turn relies on his insurance company to cover the cost of the damages if he has a policy that covers it.  The Court agrees with Liberty Mutual.

---

[10] *Haines v. Kerner,* 404 U.S. 519, 520 (1972).

[11] *See Trackwell v. U.S. Gov't,* 472 F.3d 1242, 1243 (10th Cir. 2007) ("Because Mr. Trackwell appears pro se, we review his pleadings and other papers liberally and hold them to a less stringent standard than those drafted by attorneys.").

[12] *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991).

[13] *Id.*

[14] *Ramirez v. Dep't of Corr., Colo.,* 222 F.3d 1238, 1240 (10th Cir. 2000).

[15] *Iqbal,* 556 U.S. at 678.

In *Nungesser v. Bryant*,[16] the Kansas Supreme Court concluded that an insurer is not a proper party in a negligence tort claim where the insurer's client is a party.[17] The court determined that the underlying tort action had to be concluded, and a judgment rendered, before either party could have a cause of action against the insurer.[18] Likewise, the Kansas Supreme Court has ruled that in negligence cases, direct action by plaintiffs against the tortfeasor's insurer is only permissible in cases where a statute allows such a right to plaintiffs.[19] Accordingly, as Plaintiffs cite no statute giving them the right to sue the insurer for the actions of the insured, the Court dismisses that part of the claim.

However, Plaintiffs make another claim against Liberty Mutual that neither the Motion to Dismiss nor the response or reply address: Nelson alleges she now suffers from chronic back pain due to undue stress caused by Liberty Mutual's negligent investigation practices. Since this part of the claim actually pertains to actions taken by Liberty Mutual, not Brinton, it is inappropriate to use the prior reasoning used to dismiss the part of the claim that pertains to Brinton's actions with this issue as well. Nonetheless, this issue will also be dismissed.

To withstand dismissal, Plaintiffs' Complaint must allege that Liberty Mutual was negligent. Under Kansas law, the elements of tortious negligence are the existence of a duty, a breach of that duty, a show that damage was incurred, and demonstration that the breach of duty caused those damages.[20] However, Plaintiffs' claim fails to meet the first element: the existence

---

[16] 283 Kan. 550, 153 P.3d 1277 (2007).

[17] *Id.* at 1285.

[18] *Id.*

[19] *White v. Goodville Mut. Cas. Co.*, 226 Kan. 191, 596 P.2d 1229, 1233 (1979).

[20] *Apodaca v. Willmore*, 306 Kan. 103, 392 P.3d 529, 534 (2017).

of a duty. Under Kansas law, insurers owe duties to the insured to act with due diligence to investigate claims and avoid negligence in defending the insured.[21] However, they owe no duty to third-party claimants to avoid engaging in unfair settlement practices, nor do they owe third-party claimants a duty to investigate a claim and offer policy limits once all the facts are disclosed.[22] In other words, while Liberty Mutual owed Brinton a duty to investigate the claim and defend it adequately, it has no obligation to do so for Plaintiffs. As a result, Plaintiff's allegation that Liberty Mutual's failure to promptly investigate caused the stress leading to Nelson's back pain is untenable. Since Liberty Mutual does not owe a duty to Plaintiffs, there can be no valid negligence claim, and that part of the claim is also dismissed.

In all, neither of the issues Plaintiffs raise in their claim against Liberty Mutual state a claim on which relief can be granted. As a result, the claim against Liberty Mutual is dismissed.

**IT IS THEREFORE ORDERED** that Defendant Liberty Mutual Group Inc.'s Motion to Dismiss (Doc. 18) is **GRANTED.**

**IT IS SO ORDERED.**

Dated this 25th day of June, 2020.

                              ERIC F. MELGREN
                              UNITED STATES DISTRICT JUDGE

---

[21] *Spruill Motors, Inc. v. Universal Underwriters Ins. Co.*, 212 Kan. 681, 512 P.2d 403, 407 (1973).

[22] *Stewart v. Mitchell Transp., Inc.*, 197 F.Supp.2d 1310, 1316 (D. Kan. 2002) (citing Steven Plitt et al., *Couch on Ins.* § 204:31 (3d ed. 1999)).